UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                                  Chapter 7
Devin Demario Cannon,
                  Debtor.                                                    Case No. 08-23636-svk

**DECISION AND ORDER GRANTING THE DEBTOR'S MOTION
FOR MODIFICATION OF DEPOSIT FOR UTILITY SERVICE**

      After commencement of his Chapter 7 case on April 14, 2008, WE Energies demanded that the Debtor pay a $305 deposit for continued utility service. Apparently, this amount is equal to the sum of the two highest bills the Debtor incurred during the twelve months preceding his bankruptcy petition. Pursuant to § 366(b) of the Bankruptcy Code, the Debtor filed a Motion for a modification of the deposit requested by WE Energies. In his Motion, the Debtor offered to pay a $100 deposit. WE Energies objected and after a hearing, the Court took this matter under advisement.

      Section 366 of the Bankruptcy Code sets forth the mutual obligations of debtors and utilities with respect to post-petition utility service. Section 366(a) states that "a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case ..." But § 366(b) allows a utility to "alter, refuse, or discontinue service" after twenty days following an order for relief if a debtor does not provide "adequate assurance of payment, in the form or a deposit or other security." Upon the request of a party in interest, a court may order a reasonable modification of the deposit requested by a utility.

      The first issue is whether a § 366 deposit is appropriate in a Chapter 7 case at all. In *In re Coury*, 22 B.R. 766 (Bankr. W.D. Penn. 1982), Chapter 7 debtors were customers of a power company. Some of the debtors were current on payments at the time they filed bankruptcy, while others were delinquent. The court held that the power company could charge a deposit for those debtors who were delinquent at the time of the filing. A deposit is authorized under § 366, the court held, because § 366(b), requiring adequate assurance of payment, must be read in concert with subsection § 366(a), such that a utility may only require adequate assurance of payment when a debtor is delinquent at the time of filing. *Id.* at 768. In this case, the Debtor owes a pre-petition debt to WE Energies. Therefore, a deposit may be appropriate.

      While the Court is not bound by the regulations of the Wisconsin Public Service Commission in setting the amount of the deposit, it may look to those regulations for guidance in determining a reasonable deposit. *Coury*, 22 B.R. at 768. If state law would not permit a deposit, such a deposit cannot be reasonable under § 366. *Id. See also Steinebach v. Tucson Elec. Power Co. (In re Steinebach)*, 303 B.R. 634 (Bankr. D. Ariz. 2004) (citing *Hennen V.*

*Dayton Power and Light Co. (In re Hennen)*, 17 B.R. 720 (Bankr. D. Ohio 1982) and *In re Epling*, 255 B.R. 549 (Bankr. S.D. Ohio 2000)).

Wisconsin Public Service Commission (PSC) Regulation 113.0402(4)(b), published on July 31, 2000, provides:

> A deposit under this section shall not be required if the customer provides the utility with information showing that his or her gross quarterly income is at or below 200% of the federal income poverty guidelines.

According to his Schedule I (Current Income of Individual Debtor), the Debtor in this case has gross income of $2,407. The Debtor's Schedules also show that the Debtor is a single parent whose two minor children live in his household.

The Poverty Guidelines are promulgated yearly. *See* Annual Update of the HHS Poverty Guidelines, 73 Fed. Reg. 15, 3979 (Jan. 23, 2008), *available at* http://aspe.hhs.gov/poverty/08 poverty.shtml. They are used for various programs, including Head Start, the Food Stamp Program, and the School Lunch Program. To determine a percentage of the Poverty Threshold, an individual's income and family size are compared to the applicable percentage of the Poverty Threshold. Here, the Debtor's Gross Income of $2,407 and family size of three is just under 170% of the Poverty Threshold set by the 2008 Poverty Guidelines. Because the Debtor has income of less than 200% of the Poverty Guidelines, state law would not permit WE Energies to require the Debtor to post a deposit. Under § 366(a), it would be unlawful discrimination for the utility to require a deposit of a Chapter 7 debtor that is not required under state law.

WE Energies cites a 1983 case by Bankruptcy Judge Robert Martin in support of its request. *See In re Deiter*, 33 B.R. 547 (W.D. Wis. 1983). *Deiter* is distinguishable because the debtor defaulted on utility bills during her Chapter 13 case, prior to conversion to Chapter 7. The utility sought a deposit for those debts, not post-Chapter 7 debts. Moreover, although Judge Martin approved a deposit in the amount of the two highest utility bills in the previous twelve months, he did not address PSC Regulation 113.0402(4)(B), and it is not clear whether the debtor's income in *Deiter* was below the poverty guidelines. This Court's research indicates that the Regulation which excuses the Debtor here from paying a deposit was initially promulgated in 1989, six years after the *Deiter* decision.

After considering the unassailable fact that the Debtor's gross income is below 200% of the federal income poverty guidelines, and that applicable Wisconsin law prohibits WE Energies from requiring a deposit from such an individual, the Debtor's Motion to Modify the Deposit is granted. Although the Debtor offered to pay a deposit of $100 in response to WE Energies' demand, and the Court orally ruled that the Debtor should pay that deposit, the Court's research indicates that the offer and the order were improvident. No deposit is required in these circumstances.

IT IS THEREFORE ORDERED: the Debtor's Motion to Modify WE Energies' deposit request is granted.

2

IT IS FURTHER ORDERED: the Debtor is not required to pay a deposit to WE Energies under the applicable Public Service Commission Regulation.

IT IS FURTHER ORDERED: any deposit paid to WE Energies in compliance with the Court's oral ruling should be refunded by WE Energies to the Debtor.

Date: June 23, 2008

By the Court:

_Susan Kelley_
Susan V. Kelley
U.S. Bankruptcy Judge